IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11CV81-3-V
(5:05CR235-5)

| | |
|---|---|
| GILBERT GARILLE CALDWELL,  )<br>)<br>Petitioner,  )<br>vs.  )<br>)<br>UNITED STATED OF AMERICA,  )<br>)<br>Respondent.  ) | **ORDER** |

**THIS MATTER** comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1).

On August 23, 2005, Petitioner was charged in one count of a four-count bill of indictment with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. (Crim. Case 5:05cr235, Doc. No. 3: Indictment). On the same day, the Government filed an information pursuant to 21 U.S.C. § 851, notifying Petitioner and the Court of Petitioner's state felony conviction that the Government intended to rely upon at sentencing. (Id. at Doc. No. 21). On December 20, 2005, Petitioner pled guilty pursuant to a written plea agreement to the conspiracy count charged in the indictment. (Id. at Doc. No. 152). Petitioner was sentenced on June 18, 2007 to 240 months imprisonment, see U.S.S.G. § 5G1.1(b), followed by 10 years of supervised release.[1] (Id. at Doc. No. 403: Judgment).

---

[1] The Court concluded that Petitioner was subject to the recidivist provision of § 841(b)(1)(A) which imposes a statutory minimum of 20 years imprisonment if a defendant has been convicted previously of a felony drug offense.

1

Petitioner did not directly appeal either his conviction or sentence. On June 13, 2011, Petitioner filed the instant motion to vacate contending that his sentence should be vacated in light of the Supreme Court's ruling in Carachuri-Rosendo,[2] which he argues applies retroactively to his case on collateral review making his motion to vacate timely under 28 U.S.C. § 2255(f)(3).

After careful review of the motion and case file, the undersigned finds that the United States Attorney should file an Answer detailing and responding to Petitioner's allegation. However, the Court is aware that on May 11, 2011, the Fourth Circuit heard oral argument en banc in the Simmons case. United States v. Simmons, No. 08-4475.[3] The Court is also aware of the Fourth Circuit's decision to place the appeal in United States v. Powell, No. 11cv6152,[4] in abeyance pending a decision in Simmons. In light of these recent developments in the Fourth Circuit Court of Appeals, the Court directs that the United States file an Answer in this case within forty (40) days of the

---

[2] In Carachuri-Rosendo v. Holder, 560 U.S. ___, 130 S. Ct. 2577 (2010), the Supreme Court considered whether the defendant, who had been convicted in state court of two misdemeanor drug offenses, and who had not been charged as a recidivist with respect to the second offense, qualified as having been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43) of the Immigration and Naturalization Act. The Court concluded that '[t]he mere possibility that defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal." Id. at 2589. The Court, therefore, concluded that the state convictions to which no recidivist penalty attached did not meet the definition of "aggravated felony" under the immigration statute.

[3] In United States v. Simmons, a three judge panel of the Fourth Circuit concluded that the Court's prior precedent in United States v. Harp, 406 F.3d 242 (4th Cir. 2005) is unaffected by the Supreme Court's decision in Carachuro-Rosendo.

[4] In United States v. Powell, in the context of a motion to vacate under 28 U.S.C. § 2255, this Court granted Petitioner a certificate of appealability as to whether Carachuri-Rosendo announced a new rule of law that applies retroactively to cases on collateral review for purposes of § 2255(f)(3).

Fourth Circuit's decision in Simmons.

**THEREFORE, IT IS HEREBY ORDERED** that no later than forty (40) days from the Fourth Circuit's decision in United States v. Simmons, No. 08-4475, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, detailing and responding to Petitioner's allegation.

**SO ORDERED**.

Signed: August 9, 2011

Richard L. Voorhees
United States District Judge