UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-81-RLV
(5:05-cr-235-RLV-DCK-5)

| | |
|---|---|
| **GILBERT GARRILLE CALDWELL,** ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 8), on Petitioner's Motion to Amend Parent Pleading, (Doc. No. 4), and on Petitioner's Supplement to Petitioner's Motion to Vacate, (Doc. No. 11).

## I. BACKGROUND

On August 23, 2005, a federal grand jury sitting in the Western District of North Carolina charged Petitioner and twelve others with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846. (Crim. No. 5:05cr235, Doc. No. 3). The indictment alleged that the conspirators were responsible for distributing at least five kilograms of cocaine and at least 50 grams of cocaine base. (Id.). Along with the indictment, the Government also filed a Notice of Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851 based on Petitioner's September 13, 1999, conviction in Caldwell County Superior Court for delivery of cocaine. (Id., Doc. No. 21). With the Section 851 enhancement and with the amounts alleged in the indictment, Petitioner faced a sentencing range of 20 years to life imprisonment. 21 U.S.C. § 841(b)(1).

On December 20, 2005, Petitioner entered into a written plea agreement with the Government in which he pled guilty to the conspiracy. (Id., Doc. No. 152). As part of the plea agreement, Petitioner acknowledged that he faced "no fewer than 20 years and no more than Life imprisonment" for the offense, id. at ¶ 2, and he agreed that he was responsible for at least 1.5 kilograms of cocaine base, id. at ¶ 5(a). Petitioner also agreed to waive his rights to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶ 18). Petitioner's plea of guilty was accepted as having been knowingly and voluntarily made, and on June 27, 2007, Petitioner was sentenced to 240 months of imprisonment, the statutory minimum. (Id., Doc. No. 403). Petitioner did not appeal.

Petitioner filed the pending Section 2255 petition on June 13, 2011, nearly four years after his judgment became final and within one year of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). In his motion, Petitioner alleges that his sentence should be vacated because his prior state conviction for distribution of cocaine could not be used to enhance his sentence after Carachuri-Rosendo. Petitioner contends that his petition is timely under Section 2255(f)(3) because it was filed within one year of Carachuri-Rosendo and because that decision is retroactive.

Finally, the Court notes that on December 7, 2012, the Federal Defender filed on Petitioner's behalf a Supplement to Petitioner's original Motion to Vacate. In the Supplement, Petitioner asserts 28 U.S.C. § 2241 and the writs of coram nobis and audita querela as alternative grounds for relief from Petitioner's sentence of 240 months. See (Doc. No. 11).

## II. STANDARD OF REVIEW

2

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Government filed an answer and a motion to dismiss Petitioner's Section 2255 motion. Petitioner has not requested an evidentiary hearing and, after having considered the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's judgment became final when his right to a direct appeal expired, or 14 days after the entry of final judgment on June 27, 2007. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate on June 13, 2011, nearly four years

3

Case 5:11-cv-00081-RLV   Document 13   Filed 01/04/13   Page 3 of 9

later, his Section 2255 petition is untimely under § 2255(f)(1). Petitioner contends, however, that the petition was timely, pursuant to Section 2255(f)(3), because it was filed within one year of Carachuri-Rosendo.

Under Section 2255(f)(3), where a defendant asserts a claim for relief based on a right established by a Supreme Court decision that was decided after the date on which a judgment of conviction became final, the one-year time period runs from "the date on which the right asserted was recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court held in Dodd v. United States, 545 U.S. 343 (2005), that if the Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." Id. at 358.

Here, Petitioner asserts in his motion to vacate that the Supreme Court's decision in Carachuri-Rosendo established a new rule of law that is retroactively applicable to his case. The Fourth Circuit's recent decision in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), forecloses his requested relief. In Powell, the Fourth Circuit specifically held that Carachuri-Rosendo is not retroactively applicable on collateral review. Therefore, Petitioner cannot rely on the date that the Supreme Court issued Carachuri-Rosendo as the triggering date for purposes of the one-year limitations period. In sum, the petition is untimely by several years. Accordingly, it must be dismissed.

Furthermore, as Respondent notes, Petitioner's claim is not cognizable because he knowingly and voluntarily waived his right to collaterally challenge his sentence in his plea agreement. Such waiver is enforceable as long as the defendant waives this right knowingly and

4

voluntarily.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").  Here, Petitioner does not, nor could he, allege in his motion that his plea was either unknowing or involuntary as the Rule 11 colloquy establishes that he understood the charge to which he was pleading guilty, as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding.  Petitioner has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct.  Accordingly, neither of the exceptions to Petitioner's waiver applies.  In sum, even if Petitioner's motion to vacate were not time-barred, his Section 2255 petition would be subject to dismissal because he waived the right to challenge his sentence.

Finally, even if Petitioner were not time-barred and if he had not waived the right to challenge his sentence through his guilty plea, he still would not be entitled to relief.  Section 2255 provides a petitioner with an avenue to attack the legality of his sentence.  28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  Petitioner's sentence of 240 months is within the maximum authorized statutory sentence.  As such, Petitioner's challenge must fail under the plain terms of 28 U.S.C. § 2255(a) (providing for attack of sentence that is in excess of that maximum as authorized by law).  See United States v. Powell, 691 F.3d 554 (4th Cir. 2012).

Finally, as the Court noted previously, in a Supplement to the motion to vacate, Petitioner

asserts 28 U.S.C. § 2241 and the writs of coram nobis and audita querela as alternative grounds for relief from Petitioner's sentence of 240 months. Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence which he contends was based on a prior drug conviction that he asserts is no longer properly considered in calculating a sentencing enhancement. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through Section 2255 is inadequate. Moreover, as the Court has observed, without consideration of the prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum. For these reasons, Petitioner is not entitled to relief under Section 2241.

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and audita querela, the Fourth Circuit recently described the writs of coram nobis

6

and audita querela as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a Section 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, as the Court has already observed, Petitioner has not sought authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion, and Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 7:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 Fed. App'x 340 (4th Cir. 2008).

## IV.   CONCLUSION

In sum, Petitioner's Section 2255 is time-barred. Furthermore, he is not entitled to

alternative relief under Section 2241 or either the writs of coram nobis or audita querela. Therefore, Respondent's motion to dismiss will be granted, and the Court will dismiss the Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that

1. Respondent's Motion to Dismiss, (Doc. No. 8), is **GRANTED**. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**, and the Section 2255 petition is **DISMISSED** as time-barred. Furthermore, Petitioner is not entitled to alternative relief under Section 2241 or either the writs of coram nobis or audita querela.

2. Petitioner's "Motion to Amend Parent Pleading," (Doc. No. 4), is **GRANTED**, in that the Court has considered Petitioner's additional arguments in considering his § 2255 petition.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a

8

Case 5:11-cv-00081-RLV   Document 13   Filed 01/04/13   Page 8 of 9

constitutional right).

Signed: January 3, 2013

Richard L. Voorhees
United States District Judge