**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:11-cv-81-RLV**
**(5:05-cr-235-RLV-DCK-5)**

| | | |
|---|---|---|
| **GILBERT GARRILLE CALDWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | |
| | ) | <u>**ORDER**</u> |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court following remand from the Fourth Circuit Court of

Appeals and on the Government's Response to Petitioner's Motion and Supplemental Motion to

Vacate, Set Aside, or Correct Sentence filed on June 13, 2011, and December 7, 2012.  In his

motion, Petitioner alleges that his sentence was erroneously enhanced in light of <u>Carachuri-</u>

<u>Rosendo v. Holder</u>, 560 U.S. 563 (2010), and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir.

2011).

**I.      BACKGROUND**

On August 23, 2005, a federal grand jury sitting in the Western District of North Carolina

charged Petitioner and twelve others with conspiracy to possess with intent to distribute cocaine

and cocaine base, in violation of 21 U.S.C. §§ 841, 846.  <u>See</u> (Criminal Case No. 5:05cr235-

RLV-DCK-5, Doc. No. 3: Indictment).  The indictment alleged that the conspiracy was

responsible for distributing at least five kilograms of cocaine and at least 50 grams of cocaine

base.  (<u>Id.</u> at 3).  Along with the indictment, the Government filed a notice pursuant to 21 U.S.C.

§ 851, noticing Petitioner's prior 1999 conviction for delivery of cocaine, for which he received

a sentence of six to eight months of imprisonment.  (<u>Id.</u>, Doc. No. 21: Information).  With the §

1

851 notice and with the amounts alleged in the indictment, Petitioner faced a sentencing range of 20 years to life in prison.  See (Civil No. 5:11-cv-81-RLV, Doc. No. 12-1 at ¶¶ 32; 58: PSR). Several months after the indictment was returned, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to the conspiracy.  (Criminal Case No. 5:05cr235-RLV-DCK-5, Doc. No. 152: Plea Agreement).  As part of the plea agreement, Petitioner acknowledged that he faced "no fewer than 20 years and no more than Life imprisonment" for the offense, id. at ¶ 2, and he agreed that he was responsible for at least 1.5 kilograms of cocaine base, id. at ¶ 5(a).  Petitioner also agreed to waive his rights to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct.  (Id. at ¶ 18).  Petitioner's plea of guilty was accepted by the magistrate judge as having been knowingly and voluntarily made.  (Id., Doc. No. 163 at 5: Acceptance and Entry of Guilty Plea).

Following entry of the guilty plea, a United States Probation Officer prepared a Pre-Sentence Investigation Report and determined that the amount of crack cocaine attributable to Petitioner was in excess of 1.5 kilograms of cocaine, resulting in a base offense level of 38. (Civil No. 5:11-cv-81-RLV, Doc. No. 12-1 at ¶ 19).  Accounting for acceptance of responsibility, Petitioner's total offense level was 35 with a criminal history category III, yielding a guideline sentencing range of 210 to 262 months.  (Id. at ¶ 59).  The statutory minimum sentence, however, was 20 years for the conspiracy offense.  (Id.).  Petitioner was ultimately sentenced to 240 months of imprisonment, the statutory minimum.  (Criminal Case No. 5:05cr235-RLV-DCK-5, Doc. No. 403: Judgment).  This Court entered judgment on June 27, 2007, and Petitioner did not appeal.  (Id.).

Petitioner filed an initial motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255 on June 13, 2011, seeking relief from his sentence based on <u>Carachuri-Rosendo</u>, and subsequently amended his pleading to seek relief based on <u>Simmons</u>.  <u>See</u> (Civil No. 5:11-cv-81-RLV, Doc. Nos. 1; 11).  The Government opposed Petitioner's claim for relief, contending that Petitioner's motion was untimely, waived in his plea agreement, and barred by the Fourth Circuit's decision in <u>United States v. Powell</u>, 691 F.3d 561 (4th Cir. 2012).  (Doc. No. 8).  In an order dated January 4, 2013, this Court denied and dismissed Petitioner's motion, finding that it was untimely and barred by the holding in <u>Powell</u>.  (Doc. No. 13).  Petitioner appealed and, with the consent of both parties, the Fourth Circuit remanded the matter to this Court for consideration of Petitioner's claim for relief in light of <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013).  (Doc. No. 20).  On June 23, 2014, this Court directed the Government to file a memorandum supporting its position on remand, and the Government has now filed its memorandum, in which the Government states that it is waiving the one-year statute of limitations and that Petitioner is entitled to be resentenced in light of <u>Simmons</u>.  <u>See</u> (Doc. Nos. 22; 23).

## II.     DISCUSSION

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Petitioner's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely.  The Government has, however, waived the one-year limitations period so the Court can address the motion to vacate on the merits.[1]

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense."  21 U.S.C. § 851.  That term is defined in Section 802(44) as "an offense that is

---

[1] The Government states that it is also declining to enforce the waiver in Petitioner's plea agreement of the right to bring his claim for relief under <u>Simmons</u>.

punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals has held that Simmons is retroactive to cases on collateral review. See Miller, 735 F.3d at 147.

As the Government notes, Petitioner's sentence was enhanced based on a prior state court conviction for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. Specifically, this Court enhanced Petitioner's sentence based on his prior conviction for felony delivery of cocaine under North Carolina General Statute § 90-95. Petitioner could not have received a sentence of more than one year in prison for this conviction under the North Carolina Structured Sentencing Act. The Government states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons. The Government further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is

violated when the sentencing court is erroneously deprived of discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Here, Petitioner faced a mandatory minimum sentence of 240 months based on his prior felony conviction. Petitioner's otherwise applicable Guidelines range was below the 240-month mandatory minimum, and, without the § 851 enhancement, Petitioner faced a mandatory minimum sentence of ten years. The Government states that Petitioner was, therefore, sentenced in violation of the due process clause as established in Hicks, and he should be resentenced without application of a 240-month mandatory minimum sentence.

This Court finds that because the Government has expressly waived the one-year limitations period and has requested that this Court resentence Petitioner, this Court will grant the motion to vacate, and Petitioner shall be resentenced without application of a 240-month mandatory minimum sentence.

## III.    CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1)         Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2)         Petitioner shall be resentenced in accordance with this Order.

Signed: June 18, 2015

Richard L. Voorhees
United States District Judge